UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Tyrone Jones,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 18-139 ADM/SER

_____

Miranda E. Dugi, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

James S. Becker, Assistant Federal Public Defender, Minneapolis, MN on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tyrone Jones' ("Jones") Motion to Stay Proceedings Pending Decision of Controlling Case [Docket No. 30]. Jones asks the Court to stay this criminal proceeding pending the Supreme Court's decision in Gundy v. United States, No. 17-6086, 138 S.Ct. 1260 (2018). For the reasons set forth below, Jones' Motion is denied.

## II. BACKGROUND

In approximately 1993, Tyrone Jones was convicted of First Degree Criminal Sexual Conduct in Hennepin County, Minnesota. Indictment [Docket No. 1]; Def.'s Mot. Stay [Docket No. 30] at 2. Jones served a 120-month sentence and was fully discharged from supervision in that case in August 2005. Def.'s Mot. Stay at 2.

In 2006, approximately 13 years after Jones was convicted, Congress enacted the Sex Offender Registration and Notification Act ("SORNA"), which imposes registration

requirements for sex offenders. 34 U.S.C. § 20913(a). Under § 16913(d) of SORNA, Congress delegated authority to the Attorney General to determine whether SORNA applied retroactively to offenders convicted before the Act's effective date. 34 U.S.C. § 16913(d).[1] In 2007, the Attorney General promulgated rule 28 C.F.R. § 72.3, which applies SORNA's registration requirements retroactively "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."

In June 2018, a federal grand jury indicted Jones with a single count of failing to register under SORNA, in violation of 18 U.S.C. § 2250(a). See Indictment. Trial is scheduled for September 24, 2018. Trial Notice [Docket No. 29]. Jones is currently residing at a halfway house as required by the conditions of his pretrial release. See Order, June 14, 2018 [Docket No. 13].

Three months before Jones was indicted, the United States Supreme Court granted certiorari on the issue of whether SORNA's delegation of authority to the Attorney General violates the nondelegation doctrine, a doctrine derived from Article I, section 1 of the United States Constitution. See Gundy, No. 17-6086, 138 S.Ct. 1260 (granting cert). The Eighth Circuit has rejected a nondelegation challenge to SORNA. See United States v. Kuehl, 706 F.3d 917, 920 (8th Cir. 2013) (holding that "SORNA is a valid delegation of authority because Congress provided the Attorney General with an intelligible principle to follow.").

Jones seeks a stay of his criminal case, arguing that Gundy may be decided to effectively eliminate any past requirement that Jones register as a sex offender. The Government opposes the motion, arguing that Jones cites solely to caselaw governing the stay of civil proceedings and

---

[1] This provision was formerly cited as 42 U.S.C. § 16913.

2

ignores the requirements of the Speedy Trial Act. The Government contends that Jones is not entitled to a continuance under the Speedy Trial Act because his stated need for a continuance does not outweigh the public's interest in a prompt trial. The Government further states that Jones' guilt should be determined prior to any stay of the proceedings, and that the Government would not object to a continuance for sentencing until after Gundy has been decided.

### III. DISCUSSION

The Speedy Trial Act provides that a defendant's trial "shall commence within seventy days" from the later of the filing date of the indictment or the defendant's initial appearance. 18 U.S.C. § 3161(h)(7)(A). The Act excludes time from its calculation for delays due to "a continuance" if the Court finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Factors to be considered by a court in determining whether to grant a continuance include whether complex questions of fact or law prevent adequate pretrial preparation within the established time limits, and whether the denial of a continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B). "District courts are afforded broad discretion when ruling on requests for continuances. Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason." United States v. Vesey, 330 F.3d 1070, 1072 (8th Cir. 2003).

As the Supreme Court has observed, "there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." Barker v. Wingo, 407 U.S. 514, 519 (1972). A prompt trial avoids "backlog[s]" that "enable[] defendants to negotiate more effectively for pleas of guilty to lesser offenses and otherwise

manipulate the system," ensures that persons released on bond do not have a lengthy opportunity to commit other crimes, and avoids a "delay between arrest and punishment" that "may have a detrimental effect on rehabilitation." Id. at 519–20.

Here, Jones has not shown a compelling reason for a continuance, and his asserted need for a stay is outweighed by the public's interest in a speedy trial. The denial of a continuance will not result in a miscarriage of justice because the granting of certiorari in Gundy does not overturn Eighth Circuit precedent in Kuehl, and no injustice results from applying binding Eighth Circuit precedent in this case. Moreover, the requested stay could be lengthy, as Gundy will not be argued to the Supreme Court until October 2018, and an opinion might not issue until late June 2019. A stay of this potential length jeopardizes the public's interest in a prompt trial and raises the possibility that the memories of trial witnesses will fade over time. Under these circumstances, a stay is not warranted.

If sentencing becomes relevant as a result of a guilty plea or a verdict of guilt, the Court agrees to staying sentencing pending the Gundy decision. Were the Supreme Court to hold in Gundy that SORNA violates the non-delegation doctrine, the Government has represented that it would not oppose vacating a guilty plea or guilty verdict in this case. See Gov't's Resp. [Docket No. 31] at 3. Thus, there is no compelling reason to stay the determination of Jones' guilt.

## IV.  CONCLUSION

Based on the foregoing, Defendant Tyrone Jones' Motion to Stay Proceedings Pending Decision of Controlling Case [Docket No. 30] is **DENIED.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 12, 2018.